OPINION
Appellant Betty D. Mackey appeals a judgment of the Ashland County Common Pleas, Domestic Relations Division, divorcing her from appellee Arthur Mackey, and dividing marital property:
 ASSIGNMENTS OF ERROR THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION IN FAILING TO AWARD TO THE APPELLANT AN EQUITABLE INTEREST IN THE REAL ESTATE.
 THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION IN FINDING THAT THE APPELLEE'S DEBTS WERE MARITAL DEBTS DESPITE THE APPELLEE'S STATEMENT THAT THE DEBTS WERE HIS.
 THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION IN FAILING TO AWARD THE APPRECIATION IN VALUE OF THE REAL ESTATE AT 943 OVERLOOK DRIVE.
The parties were married May 8, 1988. The marriage was appellee's third, and appellant's second. The parties were married for twelve years, and at the time of the divorce hearing, appellant was seventy years old, and appellee was seventy-six years old. At the time the parties were married, appellee owned a home on Forest Lane in Ashland. Appellee owed money for medical bills for his second wife's illness. After they were married, appellee persuaded appellant to sign a $25,000 mortgage on the Forest Lane home to help pay for these medical bills, which at one time totaled $40,000 to $50,000.
The parties later decided to sell the Forest Lane home, and purchased a house on Overlook Drive. Appellee sold the Forest Lane home, clearing the mortgage which appellant had signed, and applied the entire proceeds of the sale, totaling $72,355, to finance the purchase of the home on Overlook Drive. The parties needed an additional $2000 for closing costs, which appellant charged on her Visa card. After he inherited some money from his mother's estate, appellee repaid appellant the $2,000.
Appellant filed the instant complaint for divorce, alleging gross neglect of duty. Appellee counterclaimed, also alleging gross neglect of duty. The case proceeded to trial, with the major issues being custody of the party's dog, Sparky, division of the Overlook Drive real property, division of marital debt, and division of small items of personal property. The court found that appellant had been the primary caretaker and custodian of Sparky, and awarded the dog to her. The court concluded that appellee had traced the money used to purchase the Overlook Drive property to his separate, non-marital property, and awarded the entire existing equity in the real estate, of $47,995.59, to appellee. The court ordered appellee to sell the Overlook Drive property within six months of the listing date. The court held that the net proceeds of the sale shall first be applied to the payment of the N.C.O. mortgage debt of approximately $32,000, and the balance of the remaining net sale proceeds would be retained exclusively by appellant as his separate property. However, the court found that since improvements were made to the residence during the marriage, any appreciation in the real estate equity in excess of $74,355 is marital property. Finding of Fact 7.
Both parties filed objections to the decision of the magistrate. The court overruled all objections, and adopted the amended decision of the magistrate as the order of the court.
 I
Appellant first argues that the court erred in finding the equity in the Overlook Drive property to be separate property, rather than marital.
The testimony of both parties clearly supports the finding that the money used to purchase the Overlook Drive property was traceable to appellee's prior non-marital property. It was undisputed that appellee used the proceeds of the sale of his non-marital home, totaling $72,355, to purchase the marital residence. The evidence was further undisputed that while appellant paid $2,000 at the time of closing, appellee later paid her back from money he inherited from his mother. While appellant had signed a $25,000 mortgage against the Forest Lane property, this mortgage was cleared at the time of the sale of that property.
The court did not abuse its discretion in finding all the equity in the Overlook Drive residence to be separate property.
The first assignment of error is overruled.
 II
Appellant argues the court erred in finding all the debt to be marital debt, as appellee admitted it was his debt.
The marital debts include an N.C.O. mortgage debt in the amount of $32,000, and a variety of credit card debt. The court found that there was insufficient evidence to determine what portion of the debt is separate, not marital debt, and therefore identified all the debt as marital debt. Finding of Fact 5. We have reviewed the record, and we find that this finding of fact is supported by the evidence. While appellant testified that he had a substantial amount of debt prior to the marriage, incurred through medical bills from the death of his second wife, he testified that this debt was cleared through the mortgage on the Forest Lane house. Tr. 231. He testified that he was not sure what debts were included in the N.C.O account, as other companies had turned over the accounts to the N.C.O. account, and he had lost track of what particular expenses were in that account. Tr. 199-200. Appellant provided no evidence concerning the N.C.O. account testifying that she knew nothing of the account. Tr. 67. Appellee further testified that all credit card debt had to be incurred during the marriage, as he did not have any credit cards before the marriage. Tr. 208. The court did not abuse its discretion in finding all debt to be marital.
Appellant further argues that appellee committed financial misconduct by concealing debt from her. The mere fact that she was not aware of all of the debt incurred in the marriage does not constitute financial misconduct. She presented no evidence to demonstrate financial misconduct as defined by R. C. 3105.171. There is nothing in the record to support a claim of fraud or active concealment.
The second assignment of error is overruled.
 III
Appellant argues that the court erred in failing to award appreciation of the value of the Overlook Drive property. This claim is without merit. The court found that the Overlook Drive residence had a current fair market value of $80,000. Finding of Fact 9. The court found that the existing equity in the real estate is $47,995.95, all of which is the non-marital property of appellee. Id. However, in Finding of Fact 7, the court specifically found that since improvements were made to the marital residence during the marriage, any appreciation in the real estate equity in excess of $74,355 is marital property.
The third assignment of error is not demonstrated by the record and is overruled.
The judgment of the Ashland County Common Pleas Court, Domestic Relations Division, is affirmed.
By GWIN, J., HOFFMAN, P.J., and WISE, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Ashland County Common Pleas Court, Domestic Relations Division, is affirmed. Costs to appellant.